- During this phone call we were again reminded of the ability to plea no contest and extortion was utilized.  The referee specifically said no services could be rendered until the case was adjudicated less than two hours before this phone call demanding services in our home or Sara would be removed immediately.

January (?), 2010

- o Families First again entered our home without a court order to monitor our behaviors.  This is mere days after closing the first case and monitoring our family for over one month.  If there had been any kind of concerns they would have been reported, but to the contrary, when asked by CPS Henderson on multiple occasions, Jason told how he saw no concerns with anything in the home.

January 22, 2010

- o During a phone call, CPS Henderson acknowledges the fact that Sara has dual citizenship and that there is a possibility that Sara would need to be returned to Ukrainian custody if Robert's parental rights were to be terminated.  (CPS report, page 10)
    - DHS has still neglected to contact the Ukrainian Consulate's Office in regard to the custody change of their citizen.

- DHS members in another case conference decided that the boys would not be added to the petition and that they would not ask for Sara to be removed from the home.
  - If the actions of DHS were upright and honest, and they truly felt that Sara was in danger as stated in the January 14 petition, then why did they change what they were asking for after the FBI agents started to investigate?

January 27, 2010

- CPS Henderson closed her investigation and placed Robert and me on the Central Registry.

January 28, 2010

- As we did not have an attorney for the new case, Robert and I represented ourselves.
  - The court appointed an attorney to represent us. We were never charged a fee for this attorney.
  - The case was placed on the trial docket.
  - Prosecutor Walke was to schedule a hearing asking the judge how to proceed with the case.

February 16, 2010

- Mr. Biretta was forced to file a motion to be removed as our attorney, thereby leaving us without counsel for the first case.

February 26, 2010

- Prosecutor Walke filed a motion asking the Judge to determine the course of the case.
    - Mr. Walke continued to call this second case a supplemental case but if that were true then we would have been able to maintain legal counsel.
    - Since the FBI was involved during this time, Judge Brown stated that if the Prosecution has legally admissible evidence then bring it; if they don't then close the case.
        - If you recall, in June 2009 the very same judge allowed DHS and the prosecution to use hearsay evidence to take jurisdiction of our children.

March 15, 2010

- 90 Day review
    - Prosecutor Walke closed the second case as there was no legally admissible evidence.
    - Despite the fact that DHS requested termination of parental rights, they continuously made statements that they had safety concerns in

  regard to Sara in the home and the allegations of sexual abuse, DHS also closed the first case on this day.
- After the hearing Robert and I went to the Sheriff Department to inquire how to file charges against those who offended our family. We had a conversation with Saint Clair County Prosecutor Michael Wendling (MW).
  - MW: "…When it comes to us and it's a case we handled personally for DHS **we're kind of thick as thieves with them…**" (page 5)
    - This is a blatant admission to the conspiracy between agencies to harm and violate the citizens.
  - MW: "And, you know, **not that DHS wouldn't lie to us** or any of that…" (page 5)
    - This is an admission that the prosecution looks the other way to assist DHS in their crimes and violations.
  - PH: "The Central Registry."
  - MW: "For a non-conviction?"
  
    RH & PH: "Yeah"
  - MW: "How did you get on without a conviction?" (page 11)
  - This is a question all of our lawyers asked as well and is just another way that the parents are denied due process.

- MW: "...you got a lot going on, and not through your own fault..." (page 15)
  - After a very brief and unorganized conversation the County Prosecutor could see that we were the victims of the system. The system that his office is the head of.
  - If it wasn't our fault, then whose fault is it?
- MW: "You don't want your name on any registry." (page 17)
  o This day concludes the nightmare that we had lived for 17 months.

This Complaint is not an exhaustive list of violations. The above are listed as they can be proved through audio recordings, documents and court transcripts. We were informed by the FBI that Michigan is a one-party state and since the recording device was on our person at all times our recordings are legally admissible and would not be considered eavesdropping.

## Brief in Support

This civil suit is being brought to this Court in an effort to bring justice to our family. After reading the above it is open and obvious that the actions of the state actors, in their official and individual capacities, were the proximate cause of injury or damage therefore none of the above named or unnamed actors should be afforded immunity from tort liability according to the statutes outlined in MCL 691.1407.

According to Supreme Court Justice Clarence Thomas in *Heimeshoff v. Hartford*:

> "Recognizing that Congress generally sets statutory limitations periods to begin when their associated causes of action accrue, this Court has often construed statutes of limitations to commence when the plaintiff is permitted to file suit."

The fact that the Federal Bureau of Investigation maintained an open criminal investigation from January 2010 until November 12, 2014 allows the statutes of limitations to toll until that time therefore all matters contained in this civil suit fall within the statutes of limitations associated with the causes of action.

Given the length of this suit, this summary will only contain highlights from the above violations brought under 42 U.S.C. §1983. The lack of mention does not

lessen nor negate the value of every violation, nor is every violation mentioned in this Complaint.

### Fourth Amendment:

"…the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The violations of this amendment are very clear:

1. DHS license workers went to an out-of-county school without probable cause or any type of legal authority to seize information from only the children under the age of 10 on October 20, 2008.

2. CPS Linert and DHS DeBell forced their way into our home that night to further seize unwarranted information from the children in our home. Again, there were no formal complaints against our family and no subsequent charges, whether policy or criminal in nature, were ever substantiated by the proper authorities. An officer of the law was not present at our home.

3. CPS Linert had the three foster-to-adopt children removed from our care without medical necessity, warrants, proper procedure or notification to the workers or judge in Indiana who maintained jurisdiction.

4. CPS Linert demanded that Nicole be taken to a family friend's house for the night without court order or proper procedure and against the discharge instructions of Port Huron Hospital. (She was discharged to the care of her parents at home.)

5. CPS Linert requested Saint Clair County Sheriff Deputy arrest 15 year old Bobby for domestic violence/aggravated assault despite the fact that his 13 year old sister did not receive medical treatment for the bruise to her finger. All 5 of the younger children stated that she hurt her finger when she was playing football with them the day before. This was also Nicole's story until she spoke with CPS Linert alone. The Physician's Assistant also testified that the injury to her finger was consistent with play. As eminent danger did not exist this warrantless arrest was unreasonable therefore in violation of his rights. This also demonstrates a violation of his rights under both the 5th and 14th Amendments.

6. On Tuesday, October 21, 2008 CPS Linert seized Sara from school in Sanilac County without any legal authority. It is unknown when the pick-up order was actually issued to CPS, however the warrant from Saint Clair County 31st Circuit Court did not specifically grant CPS permission to enter the premises of Frostick Elementary School in Sanilac County and Sara was not specifically described. An officer of the law was not present. DHS

never complied with international law by notifying the Ukrainian Consulate's Office of Sara's change in custody or her new address.

7. The pick-up order does not list the address of the home in which Nicole was staying and she was not particularly described. This home was in Saint Clair County. An officer of the law was not present.

8. In an effort to justify the premeditated removal of our sons, on November 4, 2008 DHS obtained Sara, Nicole and the Indiana children's medical records from Port Huron Hospital. As the case had not been adjudicated at this time, DHS did not have the legal authority to take possession of those records.

9. During our supervised family time on November 6, 2008, CPS Linert admitted that he did not have proper legal authority for the removal of our sons however demanded they be removed from our home that evening.

10. On three other occasions Saint Clair County DHS workers entered Sanilac County properties to seize information from our children without proper legal authority.

11. DHS did not possess legal authority to take our daughters to the Childrens' Advocacy Center for multiple interrogations. Proper legal representation was not granted to the girls during these interrogations.

12. Eight months after the illegal seizures of our children (kidnapping), on June 24, 2009 DHS admitted that they were not giving our children back because

they did not want too. Not because they felt the children were in danger, but because they did not want too. The only logical conclusions that can be drawn from the continuous illegal actions of DHS is that they did indeed want possession of our children for both the money that would be added to their budget and to cover the tracks they left along the way.

   a. The fact that our children did not face threatened harm in our home is proven by:

       i. DHS and the Prosecutor stated on numerous different occasions that harm did not exist in the home.

       ii. That if it is safe for one then it is safe for all (our biological sons were sent home as soon as the ransom was paid).

       iii. The multiple times that it was promised our daughters would be returned in a week or two.

       iv. After three different psychological evaluations in six months by three different agencies, no further services were ever recommended for the parents.

Fifth Amendment followed by the Fourteenth:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due

process of the law; nor shall private property be taken for public use, without just compensation."

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

1. In regard to Bobby's false arrest:

    a. A proper investigation did not occur.

        i. Six of the eight children were present at the hospital however only Nicole and Bobby were questioned by the Sheriff Deputy. Nicole was playing football with those other children that were present and could verify that Bobby was not in the proximity of Nicole when she was injured.

        ii. Bobby was at the barn working on the corn picker with his father, grandfather and brother Darren.

        iii. When Sara was sent to sit on a time out by the barn she informed them of Nicole's hurt finger.

    b. The sheriff deputy brought the charges to court at the request of CPS Linert, the charges were not presented by the Prosecutor.

    c. He was a minor who was arrested without the permission of his parents for an attack that did not happen.

    d. No imminent danger existed.

    e. No medical treatments were rendered to any party.

    f. The Physician's Assistant testified that the injury was consistent with play validating the filing of a false police report by CPS Linert and the false arrest/imprisonment.

2. The commonality of the two amendments is that the citizens are not to be deprived of life, liberty, or property, without due process of the law. The Fifth Amendment ties this process to "any criminal case", however the Fourteenth Amendment does not limit the due process to just crimes. It has been made perfectly clear in the above complaint that our family was denied every aspect of these two amendments.

3. Saint Clair County Sheriff Detective investigated allegations against our family a minimum of four times. Despite the efforts of DHS no criminal charges were ever substantiated or filed by Detective Titus. These efforts are documented in the case logs of the Sheriff Department and CPS reports.

4. Detective Titus was not on the witness list and did NOT testify at trial.

5. As outlined in the Complaint, the second case that was filed against the family seeking termination of our rights to Sara only, was deemed a case in regard to inappropriate discipline. According to court records that is

all the first case amounted to, therefore DHS violated our protection under the double jeopardy law.

The Child Protection Law, Act 238 of 1975 very specifically describes the courses of action that are to be followed when intervention with a family may be necessary. There are protocols and policies that were devised in an effort to bring the county government agencies in compliance with this law. Here in Saint Clair County it is called "Saint Clair County's Special Victims Investigative Protocol." After review of the events described in the Complaint it is apparent that DHS deprived our family of every right afforded to them by the laws and protocols. The level to which DHS violated our family is indefensible and has more than satisfied any definition of gross negligence thereby disqualifying them from any immunities normally enjoyed.

Sixth Amendment:

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

1. All throughout the duration of the first case we constantly asked DHS workers what charges we were accused of. The answers were always the same: we don't know yet, we will figure it out, read the petition or

123

    some other non-answer.  It was determined that the charges would be inappropriate discipline after our plea was reversed in May 2009- eight months after removal of the girls.

2. CPS Henderson admits that the information on the petition she submitted to the court was different than what was discussed during our meeting prior to the preliminary hearing.

3. It could be argued that this amendment does not apply as we were never charged with any crimes, however our case did go to a jury trial 10 months after the first petition was filed, thereby bringing us under the protection of the Sixth Amendment.


Eighth Amendment:

    "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

    On November 20, 2008 CPS Linert stated that our case was not the typical case he was used to dealing with.  We had employment, housing, education, etc.  He stated on this day that he mainly saw our case as just requiring counseling and maybe parenting classes.  This statement was made without a proper investigation (he admitted the following day that he never interviewed the parents), a week after he closed his investigation and a month after the removal of our children.  After two psychological evaluations within three months, no further services were

required of our family. This raises a few questions: If CPS Linert saw our case as counseling and classes, but those were deemed unnecessary, for what reason was this case opened, why were our children kidnapped and how was this case able to be labeled Category 1?

DHS inflicted cruel and unusual punishment on our family by repeatedly demanding services that were deemed unnecessary by the mental health professionals. In order for us to be in compliance with the demands: Robert missed many hours at work (his pay is 100% commission and he is the sole source of income), wage earnings decreased, driving expenditures dramatically increased, family time decreased, we weren't allowed to spend Christmas supervised with our sons despite the ability to do so for Thanksgiving, we were forced to leave our home and live elsewhere in order for our sons to maintain normalcy in their lives (same school, friends, etc.) (the girls were taken to a licensed foster home in a different school district and relative care placement was refused by CPS Linert), etc. The abuses hurled upon our family never ended. A new and unwarranted demand would be made. If we did not comply then our daughter would not come home. Therefore we complied, but our daughters were not returned. Another demand or false charge would be made to "justify" her captivity. We met the new demand or proved the new allegation wrong, so on and so forth. This vicious cycle came to an abrupt end after we took our allegations to the FBI in January 2010.

As demonstrated above it is clearly evident that the Michigan Department of Human Services and its employees, in their official and individual capacities, blatantly disregarded all laws and rights and are willing participants in a racket that conspires to illegally take custody of children (kidnap) to obtain federal funding. The substantiation of our allegations by the FBI also prove this conspiracy. Their actions surpass all of the requirements to be deemed grossly negligent therefore removing governmental immunities and the allowance of this civil suit.

In closing, over the course of our ordeal with the Michigan Department of Human Services and its representatives many allegations were made against our family. Despite all of the effort by DHS to justify their actions, law enforcement **did not substantiate any allegations made against our family**. Simply stating in a supervisory meeting that the charges would be substantiated and the petition would be accepted does not equal substantiation. **To the contrary, when we took our allegations of kidnapping, perjury by CPS Linert and Sheriff Deputy Gobeyn, and wrong-doing in the court to the Federal Bureau of Investigation those allegations WERE substantiated and a criminal investigation was opened.** Thus, Plaintiff seeks reparations of $100,000,000.

Respectfully submitted,

*/s/ Pamela S Harnden*

PAMELA S HARNDEN
8707 Duce Road, Avoca, MI 48006
(810) 387-3257
bpharnden@hotmail.com

November 3, 2016

JS 44 (Rev. 12/12)            CIVIL COVER SHEET     County in which action arose: **Saint Clair**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Pamela Suzanne Harnden

**DEFENDANTS**: Saint Clair County DHHS, William Weston, Jennifer Henderson, Samantha Pietrykowski, Kim Irwin, Jennifer Hutkowski, Mandy Dalrymple, Joseph Linert, Sara Meddaugh, Marnie DeBell, Chiquita Ford-White, Christina Moses, Amy Sherrod, Melissa Hazen, in their individual & official capacities

(b) County of Residence of First Listed Plaintiff: **Saint Clair**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Saint Clair**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Pamela S Harnden
8707 Duce Rd
Avoca, MI 48006    (810) 387-3257

Case: 2:16-cv-13906
Judge: Edmunds, Nancy G.
MJ: Stafford, Elizabeth A.
Filed: 11-03-2016 At 10:55 AM
CMP HARNDEN V. WESTON ET AL (DA)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC §1983
Brief description of cause: Civil Rights Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ 100,000,000.00    CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*    JUDGE _____    DOCKET NUMBER _____

DATE: November 3, 2016    SIGNATURE OF ATTORNEY OF RECORD: Pamela S Harnden

**FOR OFFICE USE ONLY**
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

(margin notation: 440)

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes ☐ No

   If yes, give the following information:

   Court: US District Eastern Michigan

   Case No.: 2:15-cv-12738

   Judge: Mark A Goldsmith

Notes :

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | | |
|---|---|---|
| ☑ | Two (2) completed **Civil Cover Sheets.** | |
| ☑ | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.<br><br>__13__ + 2 = __15__ **Complaints.**<br># of Defendants     Total<br><br>Received by Clerk: __N__  Addresses are complete: __N__ | Case:2:16-cv-13906<br>Judge: Edmunds, Nancy G.<br>MJ: Stafford, Elizabeth A.<br>Filed: 11-03-2016 At 11:01 AM<br>CMP HARNDEN V. WESTON ET AL (DA) |
| ☐ | If any of your defendants are **government agencies**:<br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. | |

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>*Clerk, U.S. District Court*<br><br>Received by Clerk: __N__ Receipt #: DET097679 | ☐ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br><br><br>Received by Clerk: _____ |

### Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal<br>(Only available if fee is waived) | Service via Waiver of Summons<br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☑ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br><br><br><br>Received by Clerk: __N__ | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☐ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br>Received by Clerk: _____ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13